BEFORE THE UNITED STATES JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re: 23ANDME, INC., Customer Data Security Breach Litigation | MDL No. 3098 |

**PLAINTIFF THOMAS VICKERY'S
RESPONSE IN OPPOSITION TO MOTION FOR
TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

On December 21, 2023, Defendants 23andMe, Inc., 23andMe Pharmacy Holdings, Inc., and 23andMe Holding Co. (collectively, "Defendant" or "23andMe") moved for an Order transferring thirty-one (31) pending cases, as well as the now three (3) tag-along cases, to the United States District Court for the Northern District of California for consolidated pretrial proceedings under 28 U.S.C. § 1407 and Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("JPML"), Rule 6.2. MDL No. 3098, ECF No. 34-1, the "Motion"). The Motion is unnecessary and, if granted, would create problems and inefficiencies where none exist.

The first-filed case, *Santana v. 23andMe, Inc*., No. 3:23-cv-05147-EMC (the "*Santana* Action"), was filed on October 9, 2023, in the Northern District of California. On November 7, 2023, that court scheduled an Initial Case Management Conference for January 23, 2024. Since then, over two-dozen cases have been related to the *Santana* Action. In fact, more than 90 percent of the cases arising out of Defendant's data breach are now pending in the Northern District of California.

More specifically, and to date, <u>34</u> cases have been filed in federal courts (together, the

1  "Actions") and 31 of those cases are *already* pending in the Northern District of California.[1] The
2  few Federal District Court cases that were filed outside of the Northern District of California
3  include one in the Central District of California and two in the Northern District of Illinois.[2] The
4  three District Court cases can be transferred, by motion or stipulation, under 28 U.S.C. § 1404;
5  there is no need to resort to 28 U.S.C. § 1407.

6  To the extent this Panel is inclined to issue a transfer and centralization order, the Panel
7  should centralize the cases in the Northern District of California and designate Judge Chen as the
8  transferee judge. Just as Defendant's Motion notes (Mem. at 7), the Northern District of
9  California is the site of the first-filed case, the site where most of the actions are currently
10 pending, and the site of Defendant's headquarters, records, principals, and employees.

11 **ARGUMENT**

12 **A.   Centralization Is Not Warranted Under 28 U.S.C. § 1407**

13 "[C]entralization under Section 1407 should be the *last solution* after considered review
14 of all other options." *In re Accellion, Inc., Customer Data Security Breach Litig.*, 543 F.Supp.3d
15 1372, 1374 (J.P.M.L. 2021) (citing *In re: Alteryx, Inc., Customer Data Security Breach Litig.*,
16 291 F.Supp.3d 1377 (J.P.M.L. 2018)) (emphasis added). "These options include transfer
17 pursuant to 28 U.S.C. § 1404, as well as voluntary cooperation and coordination among the
18 parties and the involved courts to avoid duplicative discovery or inconsistent pretrial rulings." *In*
19 *re Kmart Corp. Customer Data Sec. Breach Litig.*, 109 F.Supp.3d 1368, 1369 (J.P.M.L. 2015).
20 "In fact, in the past, [this Panel] ha[s] denied centralization where there is a 'reasonable prospect'
21 that the resolution of Section 1404 motions could eliminate the multidistrict character of the
22 actions . . . ." *In re Best Buy Co., Inv., California Song-Beverly Credit Card Act Litig.*, 804
23 F.Supp.2d 1376, 1378 (J.P.M.L. 2011); *In re Hudson's Bay Company Customer Data Security*

---

[1] *See Hu v. 23andMe, Inc.*, No. 1:23-cv-17079-RRP (N.D. Ill.), and *Bacus v. 23andMe, Inc.*, 1:23-cv-16828-MSS (N.D. Ill.). *See also* Exhibit A to the parties' Joint Case Management Statement filed in the *Santana* Action on January 16, 2024, ECF No. 54-1.

[2] There are also two cases pending in California state court: *Vasquez v. 23andMe, Inc.*, 23cv424966-CFA (Santa Clara Super. Ct.), and *Morgenstern v. 23andMe, Inc.*, No. CGC23610816 (San Francisco Super. Ct.).

*Breach Litig.*, 326 F.Supp.3d 1372, 1373 (J.P.M.L. 2018) ("[W]e repeatedly have noted that where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization.")

### 1. Transfer under 28 U.S.C. § 1404 Will Centralize the Few Outlying Cases

The one case in the Central District of California and two cases in the Northern District of Illinois can easily be transferred to the Northern District of California under Section 1404 by motion or stipulation. There is no need for Section 1407 action.

This is also not an instance in which a centralization order under Section 1407 is needed to overcome the statutory limitation of Section 1404 motions that such motions may only be used to transfer actions to a district "where it might have been brought" originally. 28 U.S.C. § 1404(a). Because Defendant 23andMe's headquarters are in the Northern District of California, there is simply no jurisdictional or venue-related hurdle that would have prevented the few outlier actions from having been filed in the Northern District of California in the first instance. *See* David F. Herr, MULTIDISTRICT LITIGATION MANUAL § 5:49 (2019) (noting that, given Supreme Court limitations on personal jurisdiction, it may be an "unusual set of cases that could all be transferred to a common district under 1404(a)"). This is precisely such a case.

Accordingly, the JPML should deny the request and even recommend transfer pursuant to 28 U.S.C. § 1404(a), since all the cases could have been originally filed in the Northern District of California precisely because Defendant 23andMe's headquarters are in the Northern District of California. *See In re: Gerber Probiotic Prod. Mktg. & Sales Pracs. Litig.*, 899 F.Supp.2d 1378, 1380 (J.P.M.L. 2012) (explaining "why transfer under Section 1404(a), in particular, is sometimes preferable to centralization" because "transfer under Section 1404(a) . . . can result in a more streamlined action, *without the procedural necessity of remand to the transferor court that is required under Section 1407*") (emphasis added).

In short, Section 1404 motions, coupled with transfer stipulations, are readily available, will "eliminate the multidistrict character of [the] litigation[s]," and are "preferable to Section 1407 centralization." *In re Hudson's Bay*, 326 F.Supp.3d at 1373. This case should not require

the necessity of remand back to anywhere – judicial economy would be thwarted. Defendant 23andMe's Motion should be denied.

### 2. The Lack of Complex Factual and Legal Issues Militates Against Centralization of the Actions for Pre-Trial Purposes

The Panel regularly denies transfer motions when the issues in the cases are not sufficiently numerous or complex. *See, e.g.*, *In re Waggin' Train Chicken Jerky Pet Treat Prods. Liab. Litig.*, 893 F.Supp. 2d 1357, 1358 (J.P.M.L. 2012) (denying centralization where the issues were neither sufficiently numerous nor complex to warrant an MDL); *In re Crest Sensitivity Treatment & Prot. Toothpaste Mktg. & Sales Practices Litig.*, 867 F.Supp.2d 1348 (J.P.M.L. 2012) (denying unopposed motion to transfer because the shared factual issues were not sufficiently complex to warrant centralization); *In re Trilegiant Mbrshp. Program Mktg. & Sales Practices Litig.*, 828 F.Supp.2d 1362, 1362-63 (J.P.M.L. 2011) (denying transfer because "[t]he movants have not convinced us that any common factual questions are sufficiently complex or numerous to justify Section 1407 transfer"). Such is the case here. The Actions do not concern complex or numerous factual issues that warrant pre-trial consolidation under 28 U.S.C. § 1407(a).

While a data security breach is common to the Actions, Defendant 23andMe concedes that the factual and legal issues are not complex. Indeed, Defendant 23andMe recognizes that "the Actions all assert claims arising from an alleged data security incident," where "[e]ach Action arises from the same set of alleged facts . . . ." Mem. at 6.

Furthermore, Defendant 23andMe merely describes a single "data security incident." Mem. at 6. And, there is a single, common Defendant, 23andMe. A single set of facts, coupled with a single data security incident, concerning the single enterprise of Defendant 23andMe is insufficient to justify pre-trial centralization. *See In re Royal Am. Indus., Inc. Sec. Litig.*, 407 F.Supp. 242, 243 (J.P.M.L. 1976) ("[T]he moving party bears a strong burden to show that the common questions of fact are so complex and the accompanying discovery so time-consuming as to overcome the inconvenience to the party whose action is being transferred and its witnesses."). Defendant 23andMe has failed to provide the Panel with any compelling reasons

why formal transfer and centralization would be more efficient than informal cooperation and coordination.

In line with its common preference, the Panel has required the parties to address in the briefing "what steps they have taken to pursue alternatives to centralization (including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases)." ECF No. 5. Defendant asserts "transfer and consolidation of the Actions is necessary to conserve court resources and reduce duplicative discovery." Mem. at 9. This is not the case. First, counsel for Plaintiff submits that efforts to transfer pursuant to Section 1404 have not been exhausted. Second, counsel for all parties can and will cooperate in good faith, such as through all-Action wide coordination for efficient discovery and motion practice. *See In re ABA Law Sch. Accreditation Litig.*, 325 F.Supp.3d 1377, 1379 (J.P.M.L. 2018) ("Notices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; and the involved courts may direct the parties to coordinate other pretrial activities."). As such, there is again no obvious efficiency in pre-trial consolidation for discovery purposes, and moreover, it is likely that Section 1404 motions, coupled with transfer stipulations, will occur. Again, elimination of any multidistrict character of the litigations is "preferable to Section 1407 centralization." *In re Hudson's Bay*, 326 F.Supp.3d at 1373. Defendant 23andMe's Motion should be denied.

B. **The Northern District of California is the Most Appropriate Transferee Court**

Should the Panel grant the Motion and issue a transfer and coordination Order under Section 1407, then the Panel should designate, as Defendant 23andMe suggests, the Northern District of California as the transferee district and Judge Chen as the transferee judge.

In choosing an appropriate transferee district, this Panel considers various factors, including: "[1] where the largest number of cases is pending; [2] where discovery has occurred; [3] where cases have progressed furthest; [4] the site of the occurrence of the common facts; [5] where the cost and inconvenience will be minimized; and [6] the experience, skill, and caseloads

of available judges. MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.131 (2004). Many of the factors that bear on the selection of a transferee district also relate to the selection of a transferee judge. *See* Herr, *supra* § 7:5.

Just as Defendant's Motion notes, the Northern District of California is the site of the first-filed case, is the site where over 90% of the actions are already pending, is the site of Defendant's headquarters, records, principals, and employees, and is the site where the cases have progressed some, though all the cases are effectively at their beginnings. All of these factors render the Northern District of California the proper District and the availability, knowledge and expertise of Judge Chen as the proper judge.

Dated: January 18, 2024

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: /s/ *Rachele R. Byrd*
      RACHELE R. BYRD

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
byrd@whafh.com
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599

**TOSTRUD LAW GROUP, P.C.**
JON A. TOSTRUD
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/278-2600
Facsimile: 310/278-2640
jtostrud@tostrudlaw.com

**ERIK H. LANGELAND, P.C.**
ERIK H. LANGELAND
733 Third Avenue, 16th Floor
New York, NY. 10017
Telephone: (212) 354-6270
elangeland@langelandlaw.com

*Attorneys for Plaintiff Thomas Vickery*